**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

No. 04-6536

———————

ALAN C. DEBNAM,

Petitioner - Appellant,

versus

SOUTH CAROLINA DEPARTMENT OF CORRECTIONS;
CHARLES M. CONDON, Attorney General of South
Carolina,

Respondents - Appellees.

———————

Appeal from the United States District Court for the District of
South Carolina, at Florence.   Henry M. Herlong, Jr., District
Judge.  (CA-02-3424-20BH)

———————

Submitted:  June 10, 2004          Decided:  June 21, 2004

———————

Before WILLIAMS and TRAXLER, Circuit Judges, HAMILTON, Senior
Circuit Judge.

———————

Dismissed by unpublished per curiam opinion.

———————

Alan C. Debnam, Appellant Pro Se.  Melody Jane Brown, OFFICE OF THE
ATTORNEY GENERAL OF SOUTH CAROLINA, Columbia, South Carolina, for
Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Alan C. Debnam seeks to appeal the district court's order denying his motion for a certificate of appealability. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

Parties are accorded thirty days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). This appeal period is "mandatory and jurisdictional." Browder v. Director, Dep't of Corr., 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)).

The district court's order was entered on the docket on November 25, 2003. The notice of appeal was filed on January 2, 2004.[*] Because Debnam failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are

---

[*]For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court. See Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266 (1988).

- 2 -

adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>
